# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 23-397V

| | |
|---|---|
| MARCIA REA,<br><br>              Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>              Respondent. | Chief Special Master Corcoran<br><br>Filed: September 11, 2024 |

*Jonathan Joseph Svitak*, Shannon Law Group, P.C., Woodridge, IL, for Petitioner.

*Camille Jordan Webster*, U.S. Department of Justice, Washington, DC, for Respondent.

**DECISION ON ATTORNEY'S FEES AND COSTS[1]**

On March 21, 2023, Marcia Rea filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that she suffered a shoulder injury related to vaccine administration as a result of an influenza vaccination administered to her on September 23, 2021. Petition, ECF No. 1. On May 10, 2024, I issued a decision awarding compensation to Petitioner based on the Respondent's proffer. ECF No. 24.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet**. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Petitioner has now filed a motion for attorney's fees and costs, requesting an award of $22,207.40 (representing $21,694.40 in fees plus $513.00 in costs). Application for Attorneys' Fees and Costs ("Motion") filed May 21, 2024, ECF No. 28. Furthermore, counsel for Petitioner represents that Petitioner incurred no personal out-of-pocket expenses. ECF No. 68 at 2.

Respondent reacted to the motion on May 21, 2024, indicating that he is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case but deferring resolution of the amount to be awarded to my discretion. Motion at 2-3, ECF No. 29.

I have reviewed the billing records submitted with Petitioner's request. The hourly rates requested for attorneys Jonathan Svitak and associated paralegals are reasonable and consistent with our prior determinations and will therefore be adopted herein. However, the 2023 hourly rate requested for attorney Craig E. Donnelly, requires adjustment.

Attorney Donnelly was previously awarded the *lesser* rate of $450 per hour for his time billed in the 2023 timeframe. *See Kramb* v. *Sec'y of Health & Hum. Servs.,* No. 23-0495V, Slip Op. 27 (Fed. Cl. Spec. Mstr. August 19, 2024). I find no reason to deviate from such reasoned determination, and hereby reduce his rate accordingly. **This results in a reduction of attorney's fees to be awarded of $25.20**.[3]

Petitioner has otherwise provided supporting documentation for all claimed costs. ECF No. 28-4. Respondent offered no specific objection to the rates or amounts sought. I find the requested costs reasonable and hereby award them in full.

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Accordingly, I hereby GRANT in part, Petitioner's Motion for attorney's fees and costs. **I award a total of $22,182.20 (representing $21,669.20 in fees plus $513.00 in costs) as a lump sum in the form of a check jointly payable to Petitioner and Petitioner's counsel, Shannon Law Group, P.C.** In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this decision.[4]

---

[3] This amount consists of ($454 - $450 = $4.00 x 6.30 hrs. = $25.20).

[4] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master
